IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DANIEL LONGMIRE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.  2:13-cv-330-MEF |
| | ) | (WO – Do Not Publish) |
| ALBERT MCKEE, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Daniel Longmire ("Longmire") brings suit against Defendant Albert McKee ("McKee") for violations of his constitutional rights under 42 U.S.C. § 1983 and for various state law claims.  This suit arises out of a beating Longmire received from other prison inmates at a Butler County jail administered by McKee.  Before the Court is McKee's Motion to Dismiss (Doc. #6) for failure to state a claim on the grounds of qualified immunity.[1] For the reasons discussed below, McKee's motion is due to be GRANTED as to all federal claims and the pendent state law claims are DISMISSED WITHOUT PREJUDICE.

**I. JURISDICTION AND VENUE**

ThE Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§

---

[1] McKee's Motion to Dismiss also indicates that it is made pursuant to *Federal Rule of Civil Procedure* 12(b)(1).  The Court assumes this was a mistake by McKee as McKee does not challenge the Court's jurisdiction in his briefs, and the Court clearly has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1343(a), and 1367.

1

1331, 1343(a), and 1367. Additionally, Defendants have not argued that the Court lacks personal jurisdiction over them. Pursuant to 28 U.S.C. § 1391(b), venue is appropriate in this district.

## II. STANDARD OF REVIEW

In considering a Rule 12(b)(6) motion to dismiss, the court accepts the plaintiff's allegations as true and reads them in the light most favorable to the plaintiff. *Duke v. Cleland*, 5 F.3d 1399, 1402 (11th Cir. 1993) (citation omitted). Further, a district court must favor the plaintiff with "all reasonable inferences from the allegations in the complaint." *Stephens v. Dep't of Health and Human Servs.*, 901 F.2d 1571, 1573 (11th Cir. 1990).

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted). A complaint states a facially plausible claim for relief "when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A complaint does not state a facially plausible claim for relief if it shows only "a sheer possibility that the defendant acted unlawfully." *Id.* While a complaint need not contain detailed factual allegations to survive a Rule 12(b)(6) motion, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id.* (internal quotation and citations omitted). Absent the necessary factual allegations, "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" will not suffice. *Id.* Courts are also not "bound to accept as true a legal conclusion couched as a factual

allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

### III. STATEMENT OF FACTS

Since this case is before the Court on a Motion to Dismiss, the Court accepts the following allegations in Longmire's complaint as true:

On or about June 22, 2012, Longmire was an inmate in the Butler County Jail. McKee placed Longmire in an isolation cell for three days for conduct infractions. Longmire's isolation cell was located in a cell block with a common area shared by other cells in the block. The inmates in these other cells had access to the common area in the cell block. The cell block also contained a control booth with a correctional officer that overlooked the common area.

When McKee initially placed Longmire in the isolation cell, other inmates in the common area offered to "take care of [Longmire] for [McKee]," and to "straighten him out." On several occasions, when correctional officers brought Longmire's food to the isolation cell, some of the inmates in the common area made comments such as, "Go ahead and let him out–we'll take care of him," and, "We'll straighten him out." On at least one occasion, McKee was present in the common area or within earshot when the inmates said something to the effect of, "We'll straighten him out for you, Mr. McKee." These statements could be heard by the correctional officer in the control booth, which was equipped for sound.

On June 25, 2012, after three days in the isolation cell, a correctional officer in the control booth opened the door to Longmire's isolation cell. At the time, some of the inmates who had made the statements about "straightening" Longmire out were present in the

common area, and no correctional officers were present in the cell block. When Longmire exited his isolation cell, several of the inmates in the common area attacked him and he was beaten unconscious. The beating continued in view of the booth operator until another inmate stopped it. That inmate carried Longmire out of the cell block after the door exiting the common area was opened by the booth operator. Longmire went to the emergency room where he was treated for a fractured face and nose and received stitches.

### IV. DISCUSSION

Longmire brings Eighth Amendment claims against McKee for deliberate indifference based on: (1) McKee directing Longmire to be released into the cell block that contained inmates who allegedly made threatening statements to Longmire (Count 1); and (2) failure to protect Longmire once he was released into the cell block (Count 2). (Doc. #1.) Longmire also brings a supervisory liability claim against McKee (Count 3), as well as claims for civil conspiracy under 42 U.S.C. § 1985 (Count 4) and failure to intervene under § 1986 (Count 5). Finally, Longmire asserts state law negligence/wantonness (Count 6) and negligent supervision (Count 7) claims. Although the complaint does not specify whether the claims are against McKee in his individual or official capacity, Longmire seeks only monetary relief and attorney's fees. (Doc. #1, at ¶¶ 27–29.) Therefore, the Court construes Longmire's claims as brought against McKee in his individual capacity only. In addition, Longmire has abandoned his § 1985 claim for civil conspiracy and his § 1986 claim for failure to intervene. (Doc. #12, at 1 n. 2.) Accordingly, Counts 4 and 5 of Longmire's complaint are DISMISSED WITH PREJUDICE.

4

### A.     Eighth Amendment Deliberate Indifference

McKee moves to dismiss Longmire's federal claims on the grounds of qualified immunity. (Doc. #6.)  Qualified immunity protects government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  An official asserting the affirmative defense of qualified immunity must initially establish that he was acting within his discretionary authority.  *Skop v. City of Atlanta, Ga.*, 485 F.3d 1130, 1136 (11th Cir. 2007).  Here, it is undisputed that McKee was acting within his discretionary authority.

If the government official was acting within his discretionary authority, the burden shifts to the plaintiff to show that the official is not entitled to qualified immunity.  *Id.* at 1136–37.  This involves a two-part inquiry.  First, the plaintiff must establish that the official's alleged actions, taken in the light most favorable to the plaintiff, violate a constitutional right.  *Saucier v. Katz*, 533 U.S. 194, 201 (2001).  Second, if the official's actions violate a constitutional right, the plaintiff must prove that the right was clearly established.  *Id.*  In *Pearson v. Callahan*, the Supreme Court left it to the "sound discretion" of the district court to decide which prong of the qualified immunity analysis should be addressed first.  555 U.S. 223, 226 (2009).  Since the Court finds that, under the facts alleged by Longmire, McKee did not violate any constitutional right, the Court addresses only the first prong of the qualified immunity analysis.

A prison official's "deliberate indifference" to a substantial risk of serious harm to an

5

inmate violates the Eighth Amendment. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). Since "[b]eing violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society," prison officials have a duty "to protect prisoners from violence at the hands of other prisoners." *Id*. at 833–34 (quotations and citations omitted). A prison official is deliberately indifferent to a substantial risk of a violent assault against an inmate if the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837. Merely negligent failure to protect an inmate from attack does not justify liability under § 1983. *Brown v. Hughes*, 894 F.2d 1533, 1537 (11th Cir. 1990).

The issue in this case is whether the statements Longmire alleges the inmates made within earshot of McKee are enough to state a plausible claim that McKee was subjectively aware of a substantial risk that Longmire would be attacked and that McKee disregarded that risk. The Court finds the allegations in the complaint are insufficient to state a plausible claim. *See Carter v. Galloway*, 352 F.3d 1346 (11th Cir. 2003). In *Carter*, the plaintiff was placed in a cell with an inmate who said the plaintiff would help the inmate fake a hanging "one way or another." *Id*. at 1348. The inmate also paced the cell "like a caged animal" threatening correctional officers and orderlies. *Id*. The plaintiff told a correctional officer that the inmate "was acting crazy" and planned on faking a hanging and also told the officer the inmate's statement about the plaintiff helping him "one way or another." *Id*. The inmate eventually stabbed the plaintiff in the stomach. The Eleventh Circuit held these facts did not

6

suffice to establish the correctional officers had a subjective awareness that the inmate posed a serious harm, even though the officers were aware of the inmate's "generally problematic nature." *Id.* at 1349.  This was because *Farmer* requires that, not only must the officer be aware of specific facts from which an inference of substantial risk could be drawn, but the official must also "draw that inference." *Id.* (quoting *Farmer*, 511 U.S. at 837).  The plaintiff never told officials he feared the inmate or that the inmate "clearly threatened" him, which made the officials "unaware of a particularized threat or fear" by the plaintiff.  *Id.* at 1349–50.  Further, the "one way or the other" statement was not sufficient "to make the inferential leap that a substantial risk" of harm existed because the plaintiff never told the officers it was a threat and never sought protection.  *Id.*

Based on *Carter*, the inmates' statements alleged in Longmire's complaint are insufficient for deliberate indifference.  The statements to McKee that the inmates would "take care of [Longmire] for you" and "straighten [Longmire] out" do not create a plausible claim that McKee actually drew the inference that the statements constituted a threat creating a substantial risk of harm, as required by *Farmer*.  There is no allegation that Longmire told McKee that the statements were a threat or that he sought protection from the inmates.  The comment, "Go ahead and let him out–we'll take care of him," was made to other correctional officers, and there is no allegation McKee was made aware of these statements.  Longmire cannot argue McKee should have been aware of these statements because that would require an objective test for deliberate indifference, which was expressly rejected in *Farmer*.  511 U.S. at 837.  The approximately three comments McKee heard could be interpreted as crude

7

humor or insufficiently particularized, as in the "one way or another" comment in *Carter*. There is no allegation that McKee actually inferred these comments were threats rather than typical jailhouse talk. *See Carter*, 352 F.3d at 1350 ("[Defendant prison officials] would have had to read imaginatively all derogatory and argumentative statements made between prisoners to determine whether substantial risks of serious harm exist."); *Cf. Rodriguez v. Sec'y for Dep't of Corrs.*, 508 F.3d 611, 621–22 (11th Cir. 2007) (distinguishing *Carter* where inmate told prison official that the inmate had renounced his gang membership, members of the gang had threatened to kill him when he returned to the facility for his renunciation, the prison was heavily populated with members of his former gang, and he requested to be placed in protective custody).

Since Longmire's allegations, accepted as true, do not state a plausible claim that McKee was subjectively aware of a substantial risk to Longmire and unreasonably failed to act on it, McKee's motion to dismiss is GRANTED as to Longmire's Eighth Amendment deliberate indifference claims in Counts 1 and 2 of the complaint. Since the Court finds that McKee's alleged actions did not violate Longmire's constitutional rights, McKee's motion to dismiss Longmire's claim for supervisory liability in Count 3 is also GRANTED. *See Campbell v. Sikes*, 169 F.3d 1353, 1374 (11th Cir. 1999) (stating that § 1983 supervisory liability claim cannot succeed without success of underlying claim for a constitutional violation). Because Longmire has voluntarily abandoned his § 1985 (Count 4) and § 1986 (Count 5) claims, there are no federal claims remaining in this case.

**B.     State law claims**

Only Longmire's state law claims for negligence/wantonness (Count 6) and negligent supervision (Count 7) remain. The Court has supplemental subject matter jurisdiction over these claims pursuant to 28 U.S.C. § 1367. Section 1367(c)(3) provides that a "district court may decline to exercise supplemental jurisdiction over a claim if . . . the district court has dismissed all claims over which it has original jurisdiction." Because the federal claims over which this Court had original jurisdiction have been resolved against Longmire, the Court declines to exercise its supplemental jurisdiction over the state law claims against McKee and, instead, dismisses them without prejudice. *See* 28 U.S.C. § 1367(c)(3); *Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1088–89 (11th Cir. 2004) ("We have encouraged district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial."). This dismissal should not work to Longmire's disadvantage if she chooses to bring these claims in State court because the statute of limitations for these claims are tolled during the pendency of this action. *See* 28 U.S.C. § 1367(d).

## V. CONCLUSION

Accordingly, it is hereby ORDERED as follows:

1.  McKee's Motion to Dismiss (Doc. #6) is GRANTED as to Counts 1–5, and these Counts are DISMISSED WITH PREJUDICE.

2.  The Court DECLINES to exercise supplemental jurisdiction over Counts 6–7, and these Counts are DISMISSED WITHOUT PREJUDICE.

DONE this the 31st day of March, 2014.

>            /s/  Mark E. Fuller
> UNITED STATES DISTRICT JUDGE